NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUDMILA ANNA KALCIKOVA, | No. 05-75476 |
| Petitioner, | Agency No. A097-354-762 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2010**
San Francisco, California

Before: KLEINFELD and THOMAS, Circuit Judges, and STAFFORD, Senior
District Judge.***

Ludmila Anna Kalcikova petitions for review of the decision of the Board of

Immigration Appeals ("BIA"), affirming the immigration judge's denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William Stafford, United States District Judge for the Northern District of Florida, sitting by designation.

Kalcikova's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1). We deny the petition.

Because the BIA affirmed the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), and did not express any disagreement with it, we review the IJ's decision as if it were that of the Board. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc). We review for substantial evidence the determination that Kalcikova does not qualify for asylum, withholding of removal, and protection under CAT. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).

Substantial evidence supports the IJ's and BIA's finding that Kalcikova failed to prove either past persecution or a well-founded fear of future persecution on account of a protected ground, and the record does not compel a reasonable factfinder to conclude otherwise. Accordingly, Kalcikova's asylum claim fails. Because she has failed to show that she qualifies for asylum, she also has not met the higher burden of proving that she is entitled to withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc) (holding that an applicant who has not satisfied the lesser standard of proof required to establish eligibility

for asylum necessarily fails to satisfy the more stringent standard required to establish eligibility for withholding of removal).

Substantial evidence also supports the IJ's and BIA's determination that Kalcikova failed to prove that, if she were returned to the Netherlands, she would more likely than not be tortured by a non-government actor with the acquiescence of government officials. *See* 8 C.F.R. § 208.16(c)(2). Accordingly, her claim for protection under CAT fails.

We reject Kalcikova's due process claim regarding the IJ's failure to qualify Kalcikova's expert witness because the record establishes that Kalcikova was not prejudiced in any way by the IJ's expert-witness ruling. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (explaining that due process challenges to immigration proceedings require a showing of prejudice).

The BIA did not err in rejecting Kalcikova's claim of inadequate translation. Kalcikova failed to identify any instances of incorrect translation. Further, she did not make a showing that any inadequacies in the translation either prevented her from presenting her claim or caused the omission from the record of evidence that would have altered the outcome. *Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994).

**PETITION FOR REVIEW DENIED**